**DENIED and Opinion Filed August 2, 2023**



In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00737-CV

### IN RE NICHOLAS D. MOSSER, Relator

**Original Proceeding from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-06006-2019**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Breedlove
Opinion by Justice Molberg

Before the Court is relator's July 26, 2023 petition for writ of mandamus. Relator asks this Court to "instruct Respondent to vacate her orders, grant his continuance, rule on the pending discovery motions, [and] compel Real Parties in Interest's responses to discovery." He also asks this Court to "direct Respondent to vacate her order, strike Real Party in Interest's Summary Judgment and enter orders permitting Relator to conduct any discovery."

Entitlement to mandamus relief requires relator to show that the trial court clearly abused its discretion and that relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig.

proceeding). Relator bears the burden of providing the Court with a sufficient record to show he is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a).

To the extent relator (1) argues that the trial court purportedly refused to continue a July 21, 2023 summary-judgment hearing, (2) asks this Court to strike real parties in interest's summary-judgment evidence, and (3) asks this Court to vacate a purported ruling on a motion to compel, after reviewing relator's petition and the record before us, we conclude that relator has failed to meet his burden to provide a sufficient record. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1)–(2). In any event, we further conclude that relator has failed to demonstrate entitlement to mandamus relief based on the petition and record before us. *See* TEX. R. APP. P. 52.8(a). We also note that it appears relator may have identified the wrong respondent with respect to his motion for continuance, but it is not clear on the record before us. *See* TEX. R. APP. P. 52.3(a), (d)(2); *see also In re Read*, 05-22-01247-CV, 2022 WL 17828925, at *1 (Tex. App.—Dallas Dec. 21, 2022, orig. proceeding) (mem. op.).

To the extent relator asks this Court to vacate the trial court's summary-judgment ruling, we conclude relator has failed to demonstrate entitlement to mandamus relief. *See* TEX. R. APP. P. 52.8(a).

To the extent relator asks this Court to vacate any other orders or for any other relief, relator's petition does not comply with the Texas Rules Appellate Procedure.

*See* TEX. R. APP. P. 52.3(d)(3), (f)–(i). Thus, the remainder of relator's petition does not meet the requirements of the Texas Rules of Appellate Procedure for consideration of mandamus relief; therefore, we deny the remainder of relator's petition. *See In re Jones*, No. 05-23-00492-CV, No. 05-23-00493-CV, 2023 WL 4101440, at *1 (Tex. App.—Dallas June 21, 2023, orig. proceeding) (mem. op.).

Also before the Court is relator's August 1, 2023 motion for emergency stay. We deny the motion as moot.

/Ken Molberg//

230737f.p05

KEN MOLBERG
JUSTICE